In re:                                                          Case No. 18-04368-JJT
Matthew Scott Baker                                             Chapter 13
Jillian Lynne Baker
        Debtors

## CERTIFICATE OF NOTICE

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Dec 21, 2018.
```
db/jdb      +Matthew Scott Baker,    Jillian Lynne Baker,    166 Sweden Hill Road,
             Coudersport, PA 16915-8020
5119676     +Aes / Suntrust,    PO Box 61047,    Harrisburg, PA 17106-1047
5128886     +Apothaker Scian PC,    520 Fellowship Road C306,    PO Box 5496,    Mount Laurel, NJ 08054-5496
5119677    ++BANK OF AMERICA,    PO BOX 982238,    EL PASO TX 79998-2238
             (address filed with court: Bank Of America,    Po Box 982238,    El Paso, TX 79998)
5134647     +Bank of America, N.A.,    P O Box 982284,    El Paso, TX 79998-2284
5119679      Bureau Of Account Management,    Bureau Of Account,    Camp Hill, PA 17011
5133542      Capital One, N.A.,    c/o Becket and Lee LLP,    PO Box 3001,    Malvern PA 19355-0701
5119683     +Charles Cole Hospital,    288 Sizerville Road,    Emporium, PA 15834-3944
5119684     +Charles Cole Memorial Hospital,    17129 Route 6,    Smethport, PA 16749-4027
5119685     +Chase Card,    Po Box 15298,    Wilmington, DE 19850-5298
5119686     +Citibank Sd NA,    Attn: Centralized Bankruptcy,    PO Box 790034,    Saint Louis, MO 63179-0034
5119688    ++DIRECTV LLC,    ATTN BANKRUPTCIES,    PO BOX 6550,    GREENWOOD VILLAGE CO 80155-6550
             (address filed with court: DirecTV LLC,    2230 East Imperial Highway,    El Segundo, CA 90245)
5141514      Directv, LLC,    by American InfoSource as agent,    PO Box 5008,    Carol Stream, IL 60197-5008
5128887     +Easton Baseball / Softball Inc,    32835 Collection Center Drive,    Chicago, IL 60693-0001
5119691     +First Heritage Federal Credit Union,    110 Village Square,    Suite 101,
             Painted Post, NY 14870-1399
5128888     +Law Offices of Hayt Hayt & Landau,    Meridian Center I,    2 Industrial Way West,
             Eatontown, NJ 07724-2279
5128889     +Linebarger Goggan Blair & Sampson,    PO Box 90128,    Harrisburg, PA 17109-0128
5128890     +Office of UC Benefits,    Claimant Services,    PO Box 67503,    Harrisburg, PA 17106-7503
5119695     +PA SCDU,    PO Box 69110,    Harrisburg, PA 17106-9110
5125374     +PHEAA,    PO BOX 8147,    HARRISBURG PA 17105-8147
5141109     +PennyMac Loan Services,    P.O. Box 2410,    Moorpark, CA 93020-2410
5119696     +Pennymac Loan Services,    6101 Condor Drive,    Moorpark, CA 93021-2602
5119697     +Pheaa,    PO Box 61017,    Harrisburg, PA 17106-1017
5119698     +Plaza Home Mortgage / Dovenmu,    1 Corporate Drive,    Lake Zurich, IL 60047-8944
5119700     +Potter County Domestic Relations,    221 North Main Street,    Coudersport, PA 16915-1549
5119701     +Sequium Asset Solution,    1130 Northchase Parkway,    Marietta, GA 30067-6413
5119702      Sheffield Financial Company,    Attn: Credit Disputes Dept,    Clemmons, NC 27012
5119706     +Usaa Savings Bank,    10750 Mcdermott,    San Antonio, TX 78288-1600
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
5119678     +E-mail/Text: bknotices@bankofthewest.com Dec 19 2018 19:12:06    Bank Of The West,
             2527 Camino Ramon,    San Ramon, CA 94583-4213
5119680      E-mail/PDF: AIS.cocard.ebn@americaninfosource.com Dec 19 2018 19:21:53    Capital One,
             15000 Capital One Drive,    Richmond, VA 23238
5131186      E-mail/PDF: AIS.cocard.ebn@americaninfosource.com Dec 19 2018 19:22:18
             Capital One Bank (USA), N.A.,    PO Box 71083,    Charlotte, NC  28272-1083
5119681     +E-mail/PDF: AIS.cocard.ebn@americaninfosource.com Dec 19 2018 19:21:53    Capital One N.A.,
             PO Box 30285,    Salt Lake City, UT 84130-0285
5119682     +E-mail/Text: bankruptcy@cavps.com Dec 19 2018 19:12:10    Cavalry Portfolio Servicing,
             Po Box 27288,    Tempe, AZ 85285-7288
5119689      E-mail/Text: mrdiscen@discover.com Dec 19 2018 19:11:45    Discover Financial Services LLC,
             Po Box 15316,    Wilmington, DE 19850
5119687     +E-mail/Text: electronicbkydocs@nelnet.net Dec 19 2018 19:12:04
             Department Of Education / Nelnet,    121 South 13th Street,    Lincoln, NE 68508-1904
5122659     +E-mail/Text: mrdiscen@discover.com Dec 19 2018 19:11:45    Discover Bank,
             Discover Product Inc,    PO BOX 3025,    New Albany, OH 43054-3025
5119690     +E-mail/Text: eslbankruptcynotifications@esl.org Dec 19 2018 19:11:56
             Esl Federal Credit Union,    Po Box 92714,    Rochester, NY 14692-8814
5119692     +E-mail/Text: bankruptcy@huntington.com Dec 19 2018 19:12:00    Huntington National Bank,
             7 Easton Oval,    Columbus, OH 43219-6060
5119693      E-mail/Text: bnckohlsnotices@becket-lee.com Dec 19 2018 19:11:47    Kohls / Capital One,
             N56 West 17000 Ridgewood Drive,    Menomonee Falls, WI 53051
5119694     +E-mail/Text: Bankruptcies@nragroup.com Dec 19 2018 19:12:20    National Recovery Agency,
             2491 Paxton Street,    Harrisburg, PA 17111-1036
5137754      E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Dec 19 2018 19:22:20
             Portfolio Recovery Associates, LLC,    POB 12914,    Norfolk VA 23541
5120450      E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Dec 19 2018 19:21:55
             PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
5122511      E-mail/Text: RVSVCBICNOTICE1@state.pa.us Dec 19 2018 19:12:00
             Pennsylvania Department of Revenue,    Bankruptcy Division P O Box 280946,
             Harrisburg PA  17128-0946
5142180      E-mail/PDF: resurgentbknotifications@resurgent.com Dec 19 2018 19:21:57
             Pinnacle Credit Services, LLC,    Resurgent Capital Services,    PO Box 10587,
             Greenville, SC 29603-0587
5119699     +E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Dec 19 2018 19:21:55
             Portfolio Recovery & Associates,    120 Corporate Boulevard,    Suite 1,
             Norfolk, VA 23502-4952
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center (continued)

```
5130700           E-mail/Text: bnc-quantum@quantum3group.com Dec 19 2018 19:11:57
                  Quantum3 Group LLC as agent for,   CF Medical LLC,   PO Box 788,   Kirkland, WA  98083-0788
5125373           E-mail/Text: bankruptcy@bbandt.com Dec 19 2018 19:11:58      Sheffield Financial,   PO Box 1847,
                  Wilson, NC 27894-1847
5119703          +E-mail/PDF: gecsedi@recoverycorp.com Dec 19 2018 19:21:29      Syncb / Amazon,   Po Box 965015,
                  Orlando, FL 32896-5015
5119704          +E-mail/PDF: gecsedi@recoverycorp.com Dec 19 2018 19:21:28      Syncb / Old Navy,   Po Box 965005,
                  Orlando, FL 32896-5005
5119705          +E-mail/PDF: gecsedi@recoverycorp.com Dec 19 2018 19:21:53      Synchrony Bank,
                  950 Forrer Boulevard,   Kettering, OH 45420-1469
5125032          +E-mail/Text: electronicbkydocs@nelnet.net Dec 19 2018 19:12:04
                  U.S. Department of Education c/o Nelnet,   121 South 13th Street, Suite 201,
                  Lincoln, NE 68508-1911
```

                                                                              TOTAL: 23

```
          ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr*              +PRA Receivables Management, LLC,   PO Box 41021,   Norfolk, VA 23541-1021
```

                                                                 TOTALS: 0, * 1, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Dec 21, 2018                          Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on December 19, 2018 at the address(es) listed below:

```
          Charles J DeHart, III (Trustee)   dehartstaff@pamd13trustee.com,   TWecf@pamd13trustee.com
          Daniel P Foster   on behalf of Debtor 2 Jillian Lynne Baker DAN@MRDEBTBUSTER.COM
          Daniel P Foster   on behalf of Debtor 1 Matthew Scott Baker DAN@MRDEBTBUSTER.COM
          James Warmbrodt   on behalf of Creditor   Pennymac Loan Services, LLC bkgroup@kmllawgroup.com
          United States Trustee   ustpregion03.ha.ecf@usdoj.gov
```

                                                                              TOTAL: 5

## LOCAL BANKRUPTCY FORM 3015-1

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:

Matthew Scott Baker and
Jillian Lynne Baker

CHAPTER 13

CASE NO. 4:18-bk-04368

✓ ORIGINAL PLAN
___ AMENDED PLAN (Indicate 1st, 2nd, 3rd, etc.)
___ Number of Motions to Avoid Liens
___ Number of Motions to Value Collateral

## CHAPTER 13 PLAN

### NOTICES

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

| | | | |
|---|---|---|---|
| 1 | The plan contains nonstandard provisions, set out in § 9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | ☐ Included | ☑ Not Included |
| 2 | The plan contains a limit on the amount of a secured claim, set out in § 2.E, which may result in a partial payment or no payment at all to the secured creditor. | ☐ Included | ☑ Not Included |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 2.G. | ☐ Included | ☑ Not Included |

### YOUR RIGHTS WILL BE AFFECTED

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

### 1. PLAN FUNDING AND LENGTH OF PLAN.

#### A. Plan Payments From Future Income

1. To date, the Debtor paid $_____ (enter $0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make

conduit payments through the Trustee as set forth below. The total base plan is $ 50340.00 , plus other payments and property stated in § 1B below:

| Start mm/yyyy | End mm/yyyy | Plan Payment | Estimated Conduit Payment | Total Monthly Payment | Total Payment Over Plan Tier |
|---|---|---|---|---|---|
| 1 | 60 | 839.00 | 0 | 839.00 | 50340.00 |
| | | | | | |
| | | | | | |
| | | | | Total Payments: | 50340.00 |

2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

4. CHECK ONE: (   ) Debtor is at or under median income. *If this line is checked, the rest of § 1.A.4 need not be completed or reproduced.*

( ✓ ) Debtor is over median income. Debtor calculates that a minimum of $ 0 must be paid to allowed unsecured creditors in order to comply with the Means Test.

**B.** **Additional Plan Funding From Liquidation of Assets/Other**

1. The Debtor estimates that the liquidation value of this estate is $ 0.00 . (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

*Check one of the following two lines.*

✓    No assets will be liquidated. *If this line is checked, the rest of § 1.B need not be completed or reproduced.*

_____    Certain assets will be liquidated as follows:

2. In addition to the above specified plan payments, Debtor shall dedicate to the plan proceeds in the estimated amount of $_____ from the sale of

2

property known and designated as _____
_____. All sales shall be completed by
_____, 20___. If the property does not sell by the date
specified, then the disposition of the property shall be as follows:
_____.

3. Other payments from any source(s) (describe specifically) shall be paid to the
Trustee as follows: _____
_____

## 2. SECURED CLAIMS.

### A. Pre-Confirmation Distributions. *Check one.*

✓ None. *If "None" is checked, the rest of § 2.A need not be completed or reproduced.*

____ Adequate protection and conduit payments in the following amounts will be paid by
the Debtor to the Trustee. The Trustee will disburse these payments for which a proof
of claim has been filed as soon as practicable after receipt of said payments from the
Debtor.

| Name of Creditor | Last Four Digits of Account Number | Estimated Monthly Payment |
|---|---|---|
|  |  |  |

1. The Trustee will not make a partial payment. If the Debtor makes a partial plan
payment, or if it is not paid on time and the Trustee is unable to pay timely a payment
due on a claim in this section, the Debtor's cure of this default must include any
applicable late charges.

2. If a mortgagee files a notice pursuant to Fed. R. Bankr. P. 3002.1(b), the change in
the conduit payment to the Trustee will not require modification of this plan.

### B. Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor. *Check one.*

____ None. *If "None" is checked, the rest of § 2.B need not be completed or reproduced.*

✓ Payments will be made by the Debtor directly to the creditor according to the original
contract terms, and without modification of those terms unless otherwise agreed to by
the contracting parties. All liens survive the plan if not avoided or paid in full under
the plan.

3

| Name of Creditor | Description of Collateral | Last Four Digits of Account Number |
|---|---|---|
| PennyMac Loan Services | 166 Sweden Hill Road, Coudersport PA 16915 Potter | 5792 |
| | | |
| | | |

**C.** **Arrears (Including, but not limited to, claims secured by Debtor's principal residence).** *Check one.*

___ None. *If "None" is checked, the rest of § 2.C need not be completed or reproduced.*

✓ The Trustee shall distribute to each creditor set forth below the amount of arrearages in the allowed proof of claim. If post-petition arrears are not itemized in an allowed claim, they shall be paid in the amount stated below. Unless otherwise ordered, if relief from the automatic stay is granted as to any collateral listed in this section, all payments to the creditor as to that collateral shall cease, and the claim will no longer be provided for under § 1322(b)(5) of the Bankruptcy Code:

| Name of Creditor | Description of Collateral | Estimated Pre-petition Arrears to be Cured | Estimated Post-petition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
| PennyMac Loan Services | 166 Sweden Hill Road, Coudersport PA 16915 Potter County | 2231.00 | 0.00 | 2231.00 |
| | | | | |
| | | | | |

**D.** **Other secured claims (conduit payments and claims for which a § 506 valuation is not applicable, etc.)**

___ None. *If "None" is checked, the rest of § 2.D need not be completed or reproduced.*

4

 The claims below are secured claims for which a § 506 valuation is not applicable, and can include: (1) claims that were either (a) incurred within 910 days of the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor, or (b) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value; (2) conduit payments; or (3) secured claims not provided for elsewhere.

1. The allowed secured claims listed below shall be paid in full and their liens retained until completion of payments under the plan.

2. In addition to payment of the allowed secured claim, present value interest pursuant to 11 U.S.C. §1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below, unless an objection is raised. If an objection is raised, then the court will determine the present value interest rate and amount at the confirmation hearing.

3. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Principal Balance of Claim | Interest Rate | Total to be Paid in Plan |
|---|---|---|---|---|
| Esl Federal Credit Union | 2015 Chrysler Town & Country LX 84,000 Miles | 24489.00 | 4.25% | 27226.20 |
| | | | | |
| | | | | |

**E. Secured claims for which a § 506 valuation is applicable.** *Check one.*

✓ None. *If "None" is checked, the rest of § 2.E need not be completed or reproduced.*

___ Claims listed in the subsection are debts secured by property not described in § 2.D of this plan. These claims will be paid in the plan according to modified terms, and liens retained until entry of discharge. The excess of the creditor's claim will be treated as an unsecured claim. Any claim listed as "$0.00" or "NO VALUE" in the "Modified Principal Balance" column below will be treated as an unsecured claim. The liens will be avoided or limited through the plan or Debtor will file an adversary action (select method in last column). To the extent not already determined, the amount, extent or validity of the allowed secured claim for each claim listed below will be determined by the court at the confirmation hearing. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

5

| Name of Creditor | Description of Collateral | Value of Collateral (Modified Principal) | Interest Rate | Total Payment | Plan or Adversary Action |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |

**F.  Surrender of Collateral.** *Check one.*

✓  None. *If "None" is checked, the rest of § 2.F need not be completed or reproduced.*

____  The Debtor elects to surrender to each creditor listed below the collateral that secures the creditor's claim.  The Debtor requests that upon confirmation of this plan the stay under 11 U.S.C. §362(a) be terminated as to the collateral only and that the stay under §1301 be terminated in all respects.  Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 4 below.

| Name of Creditor | Description of Collateral to be Surrendered |
|---|---|
| | |
| | |
| | |

**G.  Lien Avoidance.** *Do not use for mortgages or for statutory liens, such as tax liens. Check one.*

✓  None. *If "None" is checked, the rest of § 2.G need not be completed or reproduced.*

____  The Debtor moves to avoid the following judicial and/or nonpossessory, non-purchase money liens of the following creditors pursuant to § 522(f) (this § should not be used for statutory or consensual liens such as mortgages).

6

| | | |
|---|---|---|
| The name of the holder of the lien. | | |
| A description of the lien. For a judicial lien, include court and docket number. | | |
| A description of the liened property. | | |
| The value of the liened property. | | |
| The sum of senior liens. | | |
| The value of any exemption claimed. | | |
| The amount of the lien. | | |
| The amount of lien avoided. | | |

3. **PRIORITY CLAIMS.**

    A. <u>**Administrative Claims**</u>

        1. <u>Trustee's Fees</u>. Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.

        2. <u>Attorney's fees</u>. Complete only one of the following options:

            a. In addition to the retainer of $ 1000.00 already paid by the Debtor, the amount of $ 3000.00 in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c); or

            b. $ _____ per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the compensation approved by the Court pursuant to L.B.R. 2016-2(b).

        3. <u>Other</u>. Other administrative claims not included in §§ 3.A.1 or 3.A.2 above. *Check one of the following two lines.*

            ✓ None. *If "None" is checked, the rest of § 3.A.3 need not be completed or reproduced.*

            ___ The following administrative claims will be paid in full.

| Name of Creditor | Estimated Total Payment |
|---|---|
| | |
| | |

**B.** **Priority Claims (including, but not limited to, Domestic Support Obligations other than those treated in § 3.C below).** *Check one of the following two lines.*

___ None. *If "None" is checked, the rest of § 3.B need not be completed or reproduced.*

✓ Allowed unsecured claims, including domestic support obligations, entitled to priority under § 1322(a) will be paid in full unless modified under § 9.

| Name of Creditor | Estimated Total Payment |
|---|---|
| Pennsylvania Department of Revenue | 1061.61 |
|  |  |
|  |  |

**C.** **Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §507(a)(1)(B).** *Check one of the following two lines.*

✓ None. *If "None" is checked, the rest of § 3.C need not be completed or reproduced.*

___ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim. *This plan provision requires that payments in § 1.A. be for a term of 60 months (see 11 U.S.C. §1322(a)(4)).*

| Name of Creditor | Estimated Total Payment |
|---|---|
|  |  |

**4.** **UNSECURED CLAIMS**

**A.** **Claims of Unsecured Nonpriority Creditors Specially Classified.** *Check one of the following two lines.*

✓ None. *If "None" is checked, the rest of § 4.A need not be completed or reproduced.*

___ To the extent that funds are available, the allowed amount of the following unsecured claims, such as co-signed unsecured debts, will be paid before other,

8

unclassified, unsecured claims. The claim shall be paid interest at the rate stated below. If no rate is stated, the interest rate set forth in the proof of claim shall apply.

| Name of Creditor | Reason for Special Classification | Estimated Amount of Claim | Interest Rate | Estimated Total Payment |
|---|---|---|---|---|
|  |  |  |  |  |

**B. Remaining allowed unsecured claims will receive a pro-rata distribution of funds remaining after payment of other classes.**

5. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** *Check one of the following two lines.*

  ✓    None. *If "None" is checked, the rest of § 5 need not be completed or reproduced.*

  ___    The following contracts and leases are assumed (and arrears in the allowed claim to be cured in the plan) or rejected:

| Name of Other Party | Description of Contract or Lease | Monthly Payment | Interest Rate | Estimated Arrears | Total Plan Payment | Assume or Reject |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |

6. **VESTING OF PROPERTY OF THE ESTATE.**

**Property of the estate will vest in the Debtor upon**

*Check the applicable line:*

  ✓  plan confirmation.
  ___ entry of discharge.
  ___ closing of case.

9

7. **DISCHARGE: (Check one)**

    (✓) The debtor will seek a discharge pursuant to § 1328(a).
    ( ) The debtor is not eligible for a discharge because the debtor has previously received a
        discharge described in § 1328(f).

## 8. ORDER OF DISTRIBUTION:

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor.

Payments from the plan will be made by the Trustee in the following order:

Level 1: _____

Level 2: _____

Level 3: _____

Level 4: _____

Level 5: _____

Level 6: _____

Level 7: _____

Level 8: _____

*If the above Levels are filled in, the rest of § 8 need not be completed or reproduced.* If the above Levels are not filled-in, then the order of distribution of plan payments will be determined by the Trustee using the following as a guide:

Level 1: Adequate protection payments.
Level 2: Debtor's attorney's fees.
Level 3: Domestic Support Obligations.
Level 4: Priority claims, pro rata.
Level 5: Secured claims, pro rata.
Level 6: Specially classified unsecured claims.
Level 7: Timely filed general unsecured claims.
Level 8: Untimely filed general unsecured claims to which the Debtor has not objected.

Case 4:18-bk-04368-JJT    Doc 32    Filed 12/21/18    Entered 12/22/18 00:45:22    Desc
Imaged Certificate of Notice    Page 12 of 13

## 9.  NONSTANDARD PLAN PROVISIONS

**Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)**

Dated: November 8, 2018

Daniel P Foster, Esquire
Attorney for Debtor

Matthew Scott Baker
Debtor

Jillian Lynne Baker
Joint Debtor

By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in § 9.

11